IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marty Sanders, ) | |
| ) | Cr. No. 3:07-1159 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Marty Sanders is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-Bennettsville in Bennettsville, South Carolina. On January 4, 2012, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

This matter is before the court on Respondent's motion for summary judgment, which motion was filed on January 18, 2012. By order filed January 19, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a memorandum in opposition on February 2, 2012.

I. FACTS

Movant was indicted on September 19, 2007, for conspiracy to possess with intent to distribute and to distribute Oxycodone and Hydromorphone, in violation of 21 U.S.C. § 846 (Count One). On November 16, 2007, the government filed an information pursuant to 21 U.S.C. § 851, which information disclosed that Movant was subject to increased penalties under 21 U.S.C. § 841 based on prior state court convictions for (1) distribution of marijuana, October 13, 1993; (2)

distribution of marijuana and conspiracy to distribute marijuana, June 29, 1995, and (3) simple possession of marijuana, May 7, 1998. ECF No. 174.

On January 3, 2008, Movant pleaded guilty to Count One pursuant to a plea agreement. ECF No. 201. Among other things, the plea agreement provided that (1) the government agreed to withdraw the § 851 enhancements if Movant cooperated with the government, and (2) Movant agreed to waive his right to contest his conviction in any direct appeal or post-conviction action, including any proceedings under 28 U.S.C. § 2255, except as to claims of ineffective assistance of counsel and prosecutorial misconduct.

Movant came before the court for sentencing on December 11, 2008. Movant was denominated as a career offender based upon his 1993, 1995, and 1998 convictions, as well as failure to stop for a blue light conviction on September 22, 2005. Movant's criminal history category was VI, as required by U.S.S.G. § 4B1.1. Movant's total offense level was 34, based upon a Chapter Four enhancement for at least two prior felony controlled substance offenses. In accordance with the plea agreement, the government withdrew the § 851 enhancements, which had the effect of lowering Movant's total offense level to 32. Movant's guideline range was 210 to 240 months incarceration. Movant was sentenced to 210 months.

## II. DISCUSSION

Movant asserts that he is actually innocent of being deemed a career offender, in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the Fourth Circuit applied Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), to establish that a prior conviction for which a defendant could not have received more than one year in prison does not qualify as a felony offense under federal law. Movant contends that

he has no predicate offenses that qualify for enhancement under 4B1.1 because the sentences he received in state court were suspended to (1) ninety days boot camp for the 1993 conviction for distribution of marijuana; (2) six months house arrest and three years probation for the 1995 conviction for distribution of marijuana; and (3) 18 months probation and forty hours public service for the 2004 conviction for failure to stop for blue light. Movant seeks to have his career offender status removed and to be resentenced.

The government contends that summary judgment in its favor is appropriate because Movant signed a limited waiver of his § 2255 rights that precludes the claim makes herein. The government also asserted that the § 2255 motion is untimely; and that Simmons applies only to the North Carolina sentencing scheme, and not to Movant's South Carolina convictions. The government also asserted that, in any event, Carachuri-Rosendo had not been made retroactively applicable to cases on collateral review. In addition, the government observed that the case of United States v. Powell, the appeal of which expressly dealt with the retroactive application of Carachuri-Rosendo and Simmons, was pending before the Court of Appeals for the Fourth Circuit.

The Fourth Circuit recently decided Powell and determined that Carachuri-Rosendo and Simmons are not retroactively applicable to cases on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). For this reason, the government's motion for summary judgment E(ECF No. 497) is **granted**. Movant's § 2255 motion is **denied and dismissed**, with prejudice.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district

court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

December 17, 2012.

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**